PER CURIAM.
Appellants, the employer and carrier, challenge a worker’s compensation order awarding temporary total, temporary partial and wage loss benefits. Specifically, appellants take issue with the method used by the judge of compensation claims in establishing appellee’s wage loss. We agree that the method utilized was erroneous under the facts of this case, and we reverse.
Appellee, the claimant below, suffered a compensable back injury on March 16, 1990. Following the injury, appellee returned to work at Stanley Steemer for eight months before being discharged for matters unrelated to this injury. Thereafter, appellee began working for Joe Milone Investigations as a process server. It is uncontroverted that claimant is paid six dollars for every summons served and five dollars for every subpoena served. The appellee testified that he is paid “by the piece” on a weekly basis, and it was estab-dished that claimant s wages with Joe Mi-lone Investigations varied from week to week.
The JCC declined to apply the subpara-graph of section 440.15(3)(b) which provides that
commissions and similar irregular payment shall be allocated first to the week in which they are received, in an amount which when added to other earnings for such week does not exceed the employee’s average weekly wage, and the balance in the same manner to subsequent weeks until fully allocated, but not to exceed 52 weeks from the week that the commission or a similar irregular payment was received.
(Emphasis added).
The judge declined to apply the above-cited provision because he thought it would result in an unfair advantage to the appellants and would “punish” appellee “for demonstrating perseverance, motivation, and initiation.”
Without expressing an opinion as to whether application of this subparagraph will have the effect of punishing claimants such as the appellee, such a consideration is not relevant for the statute is not a discretionary one. While appellee objects to the characterization of his salary as a “commission or a similar irregular payment,” we hold that payment “by the piece” does constitute an irregular payment analogous to a commission so as to trigger application of the provision in question. Accordingly, this cause is remanded to the judge for a recalculation of appel-lee’s wage loss.
SMITH, ALLEN and WOLF, JJ., concur.